SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------X

RAFAEL LIMA-GONZALEZ,

Plaintiffs,

-against-

WALMART INC.,

Defendant.

-------------------------------------------------------------X

Index No.:

Plaintiff designates Nassau County as the place of trial

Basis of Venue:
Place of Occurrence

**SUMMONS**

To the above-named Defendants:

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within twenty (20) days after the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Uniondale, New York
September 25, 2024

By:__________________________
JOSEPH N. ARMAO, ESQ.
**THE LICATESI LAW GROUP, LLP**
**Attorneys for the Plaintiff**
423 RXR Plaza, East Tower
Uniondale, New York 11556
516-227-2662

TO: **DEFENDANTS' ADDRESSES**:

**WALMART INC.,**
28 Liberty Street
New York, NY 10005
***Service Via Secretary of State***

**WALMART INC.,**
1123 Jerusalem Avenue
Uniondale, NY 11553

SUPREME COURT STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------X Index No.:
RAFAEL LIMA-GONZALEZ,

**VERIFIED COMPLAINT**

Plaintiff,

-against-

WALMART INC.,

Defendant.
---------------------------------------------------------------X

Plaintiffs, by his attorneys, THE LICATESI LAW GROUP, LLP complaining of the defendant, alleges the following upon information and belief:

1. At all times hereinafter mentioned, the Plaintiff, RAFAEL LIMA-GONZALEZ, was and remains a resident of the County of Nassau, State of New York.

2. At all times hereinafter mentioned, Defendant WALMART INC., was and still is a foreign corporation duly organized and existing under the laws of the State of Delaware, and transacting business in the State of New York.

3. At all times hereinafter mentioned, upon information and belief, Defendant WALMART INC., was the owner of the store known as "WALMART" located at 1123 Jerusalem Avenue, Uniondale, New York 11553 (hereinafter, "premises").

4. On and before May 3, 2024, Defendant WALMART INC. leased the aforementioned premises.

5. On and before May 3, 2024, Defendant WALMART INC., its agents, servants, employees, and/or contractors, operated the aforementioned premises.

6. On and before May 3, 2024, Defendant WALMART INC., its agents, servants, employees, and/or contractors, maintained the aforementioned premises.

7. On and before May 3, 2024, Defendant WALMART INC., its agents, servants, employees, and/or contractors, controlled the aforementioned premises.

8. On and before May 3, 2024, Defendant WALMART INC., its agents, servants, employees, and/or contractors, managed the aforementioned premises.

9. On and before May 3, 2024, Defendant WALMART INC., its agents, servants, employees, and/or contractors, supervised the aforementioned premises.

10. On and before May 3, 2024, Defendant WALMART INC., its agents, servants, employees, and/or contractors, inspected the aforementioned premises.

11. On and before May 3, 2024, Defendant WALMART INC., its agents, servants, employees, and/or contractors had a duty to maintain the subject premises in a reasonably safe condition.

12. On and before May 3, 2024, Defendant WALMART INC., its agents, servants, employees, and/or contractors had a duty to supervise the subject premises in a reasonably safe manner.

13. On May 3, 2024, Plaintiff, RAFAEL LIMA-GONZALEZ, was lawfully shopping for a bicycle within the aforementioned premises.

14. On May 3, 2024, Defendant, WALMART INC., its agents, servants, employees, and/or contractors, failed to assist the Plaintiff.

15. On May 3, 2024, Defendant, WALMART INC., its agents, servants, employees, and/or contractors, failed to properly assist the Plaintiff.

16. On May 3, 2024, Defendant, WALMART INC., its agents, servants, employees, and/or contractors, failed to supervise the Plaintiff.

17. On May 3, 2024, Defendant, WALMART INC., its agents, servants, employees, and/or contractors, failed to properly supervise the Plaintiff.

18. On May 3, 2024, Defendant, WALMART INC., its agents, servants, employees, and/or contractors, failed to instruct the Plaintiff.

19. On May 3, 2024, Defendant, WALMART INC., its agents, servants, employees, and/or contractors, failed to properly instruct the Plaintiff.

20. On May 3, 2024, Plaintiff RAFAEL LIMA-GONZALEZ, was precipitated and caused to fall to the floor while attempting to dismount from a bicycle.

21. On May 3, 2024, Plaintiff RAFAEL LIMA-GONZALEZ, was precipitated and caused to fall to the floor while attempting to dismount from a bicycle without assistance, supervision or instruction by the Defendant WALMART INC., its agents, servants, employees, and/or contractors.

22. On May 3, 2024, Defendant WALMART INC., its agents, servants, employees, and/or contractors failed to render aid to the Plaintiff.

23. On May 3, 2024, Defendant WALMART INC., its agents, servants, employees, and/or contractors failed to properly render aid to the Plaintiff.

24. On May 3, 2024, an agent, servant, employee, and/or contractor of Defendant, WALMART INC., negligently, carelessly and recklessly attempted to lift the plaintiff, RAFAEL LIMA-GONZALEZ off of the floor.

25. As a result of the aforementioned, the plaintiff, RAFAEL LIMA-GONZALEZ, was injured.

26. As a result of the aforementioned, the plaintiff, RAFAEL LIMA-GONZALEZ, was seriously injured.

27. The aforementioned occurred as a result of the negligence, carelessness, and recklessness of the Defendant, WALMART INC., its agents, servants, lessees, contractors and/or employees, in the operation, maintenance, control, management and supervision of the aforementioned premises; and as a result of the negligence, carelessness and recklessness of the Defendant, WALMART INC., its agents, servants, lessees, contractors and/or employees in the failure to render proper assistance and aid.

28. As a result of the foregoing, the plaintiff, RAFAEL LIMA-GONZALEZ, sustained severe, serious and permanent personal injuries, and sustained conscious pain and suffering; was rendered sick, sore, lame, disabled and sustained injuries of a permanent and lasting nature; was and continues to be, obliged to incur and expend large sums of money for medical care and attention in an endeavor to cure himself from the injuries he sustained; and was and continues to be incapacitated from his usual vocation and activities.

29. That by reason of the negligence, carelessness and recklessness of the Defendant, its agents, servants, lessees, contractors and/or employees, Plaintiff, RAFAEL LIMA-GONZALEZ has been damaged in a sum which exceeds the jurisdictional limits of all inferior courts.

**WHEREFORE**, Plaintiff demands judgment in her favor against the Defendant, in a sum which exceeds the jurisdictional limits of all inferior courts, all together with costs and disbursements of this action.

Dated: Uniondale, New York
September 25, 2024

Yours, etc.,

JOSEPH N. ARMAO ESQ.
**THE LICATESI LAW GROUP, LLP**
Attorney for Plaintiff
423 RXR Plaza, East Tower
Uniondale, New York 11556
(516) 227-2662

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK )
)ss.:
COUNTY OF NASSAU )

RAFAEL LIMA-GONZALEZ being duly sworn, deposes and says:

I have read the annexed Summons & Complaint and know the contents thereof and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

RAFAEL LIMA-GONZALEZ

Sworn to before me this
29th day of August ,2024

Notary Public

Christina A. Pierre-Louis
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01PI6418802
Qualified in Nassau County
Commission Expires 06/21/25

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

RAFAEL LIMA-GONZALEZ,

Plaintiff,

-against-

WALMART INC.,

Defendants.

# SUMMONS AND VERIFIED COMPLAINT

THE LICATESI LAW GROUP, LLP
Attorney for Plaintiff(s)
*Office and Post Office Address, Telephone*
423 RXR Plaza, East Tower
Uniondale, New York 11556
------
(516) 227-2662
Fax (516) 227-2739

WM 24-630 LA
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------------X
RAFAEL LIMA-GONZALEZ, **Index No.: 617004/2024**

Plaintiff,

-against- **VERIFIED ANSWER**

WALMART INC.,

Defendant.
--------------------------------------------------------------------X

The defendant, WAL-MART STORES EAST, LP i/s/h/a WALMART INC., by its attorneys, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1", and each and every part thereof.

SECOND: Defendant denies the allegations set forth in paragraph marked "2", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York, leaving all questions of fact to the trier of fact and all questions of law to the Court.

THIRD: Defendant denies the allegations set forth in paragraphs marked "3", "4", and "5", except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the Wal-Mart store in Uniondale, New York and is the operator of that Wal-Mart store, leaving all questions of fact to the trier of fact and all questions of law to the Court.

FOURTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "6", "7", "8", "9", and "10", and

respectfully refers all questions of law to the trial Court.

FIFTH: Defendant states that paragraphs “11”, and “12”, call for a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked “11”, and “12”, and each and every part thereof.

SIXTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked “13”, and each and every part thereof.

SEVENTH: Defendant denies the allegations set forth in paragraphs marked “14”, “15”, “16”, “17”, “18”, and “19”, and each and every part thereof.

EIGHTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked “20”, and each and every part thereof.

NINTH: Defendant denies the allegations set forth in paragraphs marked “21”, “22”, “23”, “24”, “25”, “26”, and “27”, and each and every part thereof.

TENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked “28”, and each and every part thereof.

ELEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked “29”, and respectfully refers all questions of law to the trial Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

TWELFTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which

caused the damages.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

THIRTEENTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

FOURTEENTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a WALMART INC., requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
December 7, 2024

Yours, etc.

O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: s/____________________
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 24-630 LA

TO: THE LICATESI LAW GROUP, LLP
Attorneys for Plaintiff
423 RXR Plaza, East Tower
Uniondale, New York 11556
(516) 227-2662

**AFFIRMATION BY ATTORNEY**

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
December 7, 2024

s/______________________________
PATRICIA A. O'CONNOR